IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MEP INFRASTRUCTURE SOLUTIONS, INC. | ) ) | Case No. 23-08505 |
| Debtor. | ) | Honorable A. Benjamin Goldgar |

### DEBTOR'S FIRST AMENDED SUBCHAPTER V PLAN OF REORGANIZATION

### BACKGROUND

**A.    Description and History of the Debtor**

The Debtor is an Illinois corporation that was organized on January 21, 2010. Its shareholders are Santos Torres, President ("Torres") (88.88%) and Gregg Howard, Secretary and Treasurer ("Howard") (11.11%). It is a full-service professional design, engineering, and construction firm with a diversified team of professionals that performs engineering, design build, and construction services.

The Debtor is an MBE/DBE firm certified by the City of Chicago and other government entities. It provides professional services toward the construction, development, and renovation of healthcare, higher education, and commercial real estate projects. The Debtor is a party to several ongoing executory contracts to provide such professional services. The Debtor experienced financial difficulties relating to the COVID-19 pandemic in general and particularly its customers' delay in the payment of outstanding obligations.

On June 28, 2023 (the "Petition Date"), the Debtor filed its petition for relief under subchapter V of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended (the "Bankruptcy Code"), in the United States Bankruptcy

Court for the Northern District of Illinois—Eastern Division (the "Court"). The Debtor is operating its business and managing its property as debtor in possession pursuant to Section 1184 of the Bankruptcy Code. William B. Avellone was appointed as subchapter V trustee.

**B.    Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached hereto as Exhibit A. In a chapter 7 liquidation, there would be no distribution ($0) to general unsecured creditors. Under the terms of this Plan, general unsecured creditors are projected to receive $811,929 or a 63.5% distribution.

**C.    Ability to Make Future Plan Payments and Operate Without Further Reorganization**

The Debtor must demonstrate that it will generate sufficient net income over the life of the Plan to make the required Plan payments and operate its business. The Debtor's projected financial information is attached hereto as Exhibit B. These projections demonstrate that the Debtor will have a total projected disposable income in the amount of $811,929, as defined by 11 U.S.C. § 1191(d), for the period described in 11 U.S.C. § 1191(c)(2). The Debtor's year to date income is attached hereto as Exhibit C. The Debtor's year to date expenses are attached hereto as Exhibit D. The Debtor's cash on hand as of the Effective Date is attached hereto as Exhibit E.

**D.  Plan Term**

The term of this Plan is three years or 36 months. The Plan payments will be made quarterly.

# ARTICLE I

## SUMMARY

1.1.  This Plan under Chapter 11 of the Bankruptcy Code proposes to pay creditors of the Debtor from cash flow generated by the continued operation of the business and the collection of historical receivables. General unsecured creditors holding allowed claims will receive quarterly distributions, which the Debtor has valued at approximately 63.5 cents on the dollar. The Plan also provides for the payment in full of administrative and priority claims.

1.2.  The Debtor will file with the Court a notice of substantial consummation within 14 days of the Plan being substantially consummated.

1.3.  All creditors and equity security holders should refer to Articles IV through VI of the Plan for information about the precise treatment of their claim. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.

# ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

| 2.1 | Class 1 | All allowed administrative expense claims entitled to priority under § 507 of the Bankruptcy Code except for the claim of the IRS |

| 2.2 | Class 2 | The allowed priority claim of the IRS |
|---|---|---|
| 2.3 | Class 3 | The secured claim of the United States Small Business Administration |
| 2.4 | Class 4 | The secured portion of the claim of BlueVine Inc. |
| 2.5 | Class 5 | The secured portion of the claim of Byz Funder NY LLC |
| 2.6 | Class 6 | The secured portion of the claim of NewCo Capital Group VI LLC |
| 2.7 | Class 7 | The secured portion of the claim of CloudFund LLC |
| 2.8 | Class 8 | The secured portion of the claim of Rocket Capital NY LLC |
| 2.9 | Class 9 | The unsecured portions of the claims of BlueVine Inc., ByzFunder NY LLC, NewCo Capital Group VI LLC, CloudFund LLC, and Rocket Capital NY LLC |
| 2.10 | Class 10 | The unsecured claims of general unsecured creditors |
| 2.11 | Class 11 | The equity interests in the Debtor |

## ARTICLE III

## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS AND PRIORITY TAX CLAIMS

3.1     **Administrative Expense Claims**. Each holder of an administrative expense claim allowed under 11 U.S.C. § 503 will be paid in full prior to any other distributions under the Plan.

## ARTICLE IV

## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.1     Claims and interests shall be treated as follows under the Plan:

4

| **Class** | **Impairment** | **Treatment** |
|---|---|---|
| Class 1<br><br>All allowed administrative expense claims entitled to priority under Section 507 of the Bankruptcy Code, except for the claim of the IRS | Unimpaired | Administrative expenses will be paid in the ordinary course of business or upon allowance of such expenses by the Court. The Subchapter V Trustee and the Debtor's counsel may periodically apply to the Court for post-confirmation administrative expenses and, if granted, such expenses will be paid in full prior to distribution to general unsecured creditors. Administrative claims are estimated to be $100,000. |
| Class 2<br><br>The allowed priority claim of the IRS in the amount of $34,961.11 | Impaired | The Class 2 claim will be paid in full within the three-year Plan term via quarterly payments. This claim is estimated to be $34,961.11, with an eight percent interest rate. The Debtor shall remain current with all of its post-confirmation federal tax obligations, including making deposits and payments and filing all returns, during the period the Debtor is required to make payments under this Plan. A failure to make post-confirmation tax deposits, payments, and filings in a timely fashion, as required by the Internal Revenue Code, shall be deemed a material default under the terms of the Plan. The Debtor shall be allowed a fifteen-day grace period with respect to the timeliness of these obligations before being deemed a default of the Plan. Said grace period shall not be applicable with respect to the Debtor being found liable for penalties and interest as determined by the Internal Revenue Code.<br><br>In the event of default, the Internal Revenue Service shall give written or telephonic notice to the Debtor and the |

| Class | Impairment | Treatment |
|---|---|---|
| | | Debtor shall have fifteen days from the notice date to cure or otherwise establish there has been no default. In the event the default is not cured, the Internal Revenue Service shall have the option, at its discretion, to accelerate the entire indebtedness due to the Internal Revenue Service under the Plan or take any other collection action authorized by law with respect to the unpaid Allowed Priority Claim. |
| Class 3<br><br>The secured claim of the United States Small Business Administration in the estimated amount of $513,350.36 | Unimpaired | The Class 3 claim is unimpaired. The Class 3 claim will be paid in full. The Debtor will pay the holder of a Class 3 claim when such claim becomes due and payable, pursuant to the current payment terms: $2,514 per month at 3.75% annual interest, with all remaining principal and accrued interest due and payable on April 27, 2052. The holder of the Class 3 claim will retain its security interest until such claim is paid in full. |
| Class 4<br><br>The secured portion of the claim of BlueVine Inc. in the estimated amount of $113,051 | Impaired | Class 4 is impaired by this Plan. The Debtor shall pay the holder of the Class 4 claim the Net Proceeds of its collateral after the payment of the Class 3 claim to the extent that it is determined by order of the Court that the Class 4 claim was an allowed secured claim as of the commencement of the case. To the extent that the Net Proceeds are insufficient to satisfy the Class 4 claim, the deficiency shall be paid as a Class 9 general unsecured claim unless otherwise disallowed. The holder of the Class 4 claim will otherwise be treated and paid as the holder of a Class 9 general unsecured claim. |

| **Class** | **Impairment** | **Treatment** |
|---|---|---|
| Class 5<br><br>The secured portion of the claim of Byz Funder NY LLC in the estimated amount of $14,189 | Impaired | Class 5 is impaired by this Plan. The Debtor shall pay the holder of the Class 5 claim the Net Proceeds of its collateral after the payment of the Class 3 claim to the extent that it is determined by order of the Court that the Class 5 claim was an allowed secured claim as of the commencement of the case. To the extent that the Net Proceeds are insufficient to satisfy the Class 5 claim, the deficiency shall be paid as a Class 9 general unsecured claim unless otherwise disallowed. The holder of the Class 5 claim will otherwise be treated and paid as the holder of a Class 9 general unsecured claim. |
| Class 6<br><br>The secured portion of the claim of NewCo Capital Group VI LLC in the estimated amount of $236,173 | Impaired | Class 6 is impaired by this Plan. The Debtor shall pay the holder of the Class 6 claim the Net Proceeds of its collateral after the payment of the Class 3 claim to the extent that it is determined by order of the Court that the Class 6 claim was an allowed secured claim as of the commencement of the case. To the extent that the Net Proceeds are insufficient to satisfy the Class 6 claim, the deficiency shall be paid as a Class 9 general unsecured claim unless otherwise disallowed. The holder of the Class 6 claim will otherwise be treated and paid as the holder of a Class 9 general unsecured claim. |

| **Class** | **Impairment** | **Treatment** |
|---|---|---|
| Class 7<br><br>The secured portion of the claim of CloudFund LLC in the estimated amount of $102,313 | Impaired | Class 7 is impaired by this Plan. The Debtor shall pay the holder of the Class 7 claim the Net Proceeds of its collateral after the payment of the Class 3 claim to the extent that it is determined by order of the Court that the Class 7 claim was an allowed secured claim as of the commencement of the case. To the extent that the Net Proceeds are insufficient to satisfy the Class 7 claim, the deficiency shall be paid as a Class 9 general unsecured claim unless otherwise disallowed. The holder of the Class 7 claim will otherwise be treated and paid as the holder of a Class 9 general unsecured claim. |
| Class 8<br><br>The secured portion of the claim of Rocket Capital NY LLC in the estimated amount of $106,910 | Impaired | Class 8 is impaired by this Plan. The Debtor shall pay the holder of the Class 8 claim the Net Proceeds of its collateral after the payment of the Class 3 claim to the extent that it is determined by order of the Court that the Class 8 claim was an allowed secured claim as of the commencement of the case. To the extent that the Net Proceeds are insufficient to satisfy the Class 8 claim, the deficiency shall be paid as a Class 9 general unsecured claim unless otherwise disallowed. The holder of the Class 8 claim will otherwise be treated and paid as the holder of a Class 9 general unsecured claim. |

| Class | Impairment | Treatment |
|---|---|---|
| Class 9<br><br>The unsecured claims of general unsecured creditors in the estimated amount of $1,278,268 | Impaired | To the extent of any surplus Net Proceeds of collateral after the payment of secured and administrative and priority claims, the Debtor shall pay each holder of a Class 9 general unsecured claim a Ratable Proportion of such proceeds and any undistributed Cash. The estimated total distribution to unsecured creditors is $811,929. |
| Class 10<br><br>The equity interests in the Debtor | Impaired | On the Effective Date, the holders of the Equity Interests shall retain their interests in the Debtor and shall receive distributions provided for under the existing organizational documents, the Plan, and applicable nonbankruptcy law. |

## ARTICLE V

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.1. **Disputed Claim**. A disputed claim is a claim that has not been allowed or disallowed by a final, non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.2. **Delay of Distribution on a Disputed Claim**. No distribution will be made on account of a disputed claim until such claim is allowed by a final, non-appealable order.

9

5.3. **Settlement of Disputed Claims**. The Debtor will have the power and authority to settle and compromise a disputed claim pursuant to Fed. R. Bankr. P. 9019.

## ARTICLE VI

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.1    **Assumed Executory Contracts and Unexpired Leases**. The Debtor will be conclusively deemed to have assumed all executory contracts and/or unexpired leases not expressly rejected before the date of the order confirming this Plan, upon the Effective Date of this Plan. A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than sixty (60) days after the date of the order confirming this Plan.

## ARTICLE VII

## MEANS FOR IMPLEMENTATION OF THE PLAN

7.1    **Responsibility for Implementation**. The Plan will be funded by the business operations of the Debtor and collection of historical accounts receivable as set forth on the projections attached hereto as Exhibit B. Payments to General Unsecured Creditors shall be made quarterly on the first day of the month, 3 months after the Effective Date of the Plan and continuing each quarter for 3 years.

7.2    **Plan Payments Under §1191(a).** If the Plan is confirmed as a consensual plan pursuant to 11 U.S.C. § 1191(a), the Debtor shall act as the Plan Disbursing Agent and make all payments to holders of allowed claims required by the Confirmation Order and the Plan.

7.3    **Plan Payments Under §1191(b).** If the Plan is confirmed pursuant to 11 U.S.C. § 1191(b), at least 10 days prior to each quarterly disbursement throughout the life of the Plan, the Debtor shall provide the Subchapter V Trustee with a schedule detailing the proposed distributions for review and subject to the approval of the Subchapter V Trustee. The Debtor shall also provide the Subchapter V Trustee with monthly financial statements. After receiving written approval by the Subchapter V Trustee, the Debtor shall act as the Plan Disbursing Agent and make all payments to holders of allowed claims required by the Confirmation Order and the Plan.  In the event the Debtor fails or defaults to make any payment under the Plan, the Debtor shall immediately notify the Subchapter V Trustee of such failure or default.

## ARTICLE VIII

## GENERAL PROVISIONS

8.1    **Definitions and Rules of Construction**. The definitions and rules of construction set forth in Sections 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan.

8.2    **Effective Date of Plan**. The effective date of the Plan is January 1, 2024. However, if a stay of the confirmation order is in effect on that date, then the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.3    **Severability**. If any provision of this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.4     **Binding Effect**. The rights and obligations of any entity named or referred to in the Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

8.5     **Captions**. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.6     **Controlling Effect**. Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or Federal Rules of Bankruptcy Procedure), the laws of the state of Illinois govern this Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise provided in this Plan.

## ARTICLE IX

## RETENTION OF JURISDICTION

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Court shall retain such jurisdiction over the Debtor and this Chapter 11 case after the Effective Date as is legally permissible, including jurisdiction to do the following:

9.1     **Claims**. Allow, disallow, determine, liquidate, classify, estimate, or establish the priority or secured or unsecured status of any claim, including the resolution of any request for payment of any administrative expense claim and the resolution of any and all objections to the allowance or priority of claims.

9.2     **Professional Fees**. Grant or deny any application for a professional fee claim, for allowance of compensation, or for reimbursement of expenses authorized pursuant to the Bankruptcy Code or the Plan.

9.3     **Assumption or Rejection of Executory Contracts**. Resolve any matters related to the assumption, assignment, or rejection of any executory contract or unexpired lease to which the Debtor is a party or with respect to which either the Debtor may be liable and to hear, determine, and, if necessary, liquidate any claims arising therefrom.

9.4     **Distributions Under the Plan**. Ensure that distributions to holders of allowed claims are accomplished pursuant to the provisions of the Plan, including resolving any issues relating to any default under the Plan.

9.5     **Subsequent Proceedings**. Decide or resolve any motions, adversary proceedings, contested or litigated matters, and any other matters, and grant or deny any applications involving the Debtor that may be pending on the Effective Date, or filed thereafter by the Debtor.

9.6     **Plan Implementation**. Enter such orders as may be necessary or appropriate to implement or consummate the provisions of this Plan and all contracts, instruments, releases, and other agreements or documents created in connection with the Plan or the Confirmation Order, except as otherwise provided herein and resolve any cases, controversies, suits, or disputes that may arise in connection with the consummation, interpretation, or enforcement of the Plan or any entity's obligations created or incurred in connection with the Plan.

9.7     **Pre-Confirmation Modification of the Plan**. Modify the Plan before or after the Effective Date pursuant to 11 U.S.C. § 1127 or any contract, instrument, release, or other agreement or document created in connection with the Plan, or

remedy any defect or omission or reconcile any inconsistency in any Court order, the Plan, the Confirmation Order, or any contract, instrument, release, or other agreement or document created in connection with the Plan or the Confirmation Order, in such manner as may be necessary or appropriate to consummate the Plan, to the extent authorized by the Bankruptcy Code.

9.8 **Interference with Implementation of the Plan**. Issue, enter, and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any entity with the consummation or enforcement of the Plan.

9.9 **Post-Confirmation Modification**. Enter and implement any orders that are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked, or vacated, or if distributions pursuant to the Plan are enjoined or estopped.

9.10 **All Matters**. Determine any other matters that may arise in connection with or relate to the Plan, the Confirmation Order, or any contract, instrument, release, or other agreement or document created in connection with the Plan, and enter any order concluding the Debtor's chapter 11 case.

## ARTICLE X

## DISCHARGE

10.1 **Discharge if Plan Confirmed Under Section 1191(a)**. If the Plan is confirmed under 11 U.S.C. § 1191(a), on the Effective Date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of the Plan, to the extent specified in 11 U.S.C. § 1141(d)(1)(A), except that the Debtor will not be

discharged of any debt (1) imposed by the Plan or (2) to the extent provided in 11 U.S.C. § 1141(d)(6).

10.2   **Discharge if Plan Confirmed Under Section 1191(b)**. If the Plan is confirmed under 11 U.S.C. § 1191(b), confirmation of the Plan does not discharge any debt provided for in the Plan until the Court grants a discharge on completion of all Plan payments due within the first three years of the Plan, or as otherwise provided in 11 U.S.C. § 1192. The Debtor will not be discharged of any debt (1) on which the last payment is due after the first three years of the Plan, or as otherwise provided in 11 U.S.C. § 1192; or (2) excepted from discharge under 11 U.S.C. § 523, except as provided in Fed. R. Bankr. P. 4007(c).

## ARTICLE XI

## DEFAULT

11.1   **Default**. In the event that the Debtor fails to make payments within fourteen (14) days of the due date as set forth in the Plan, the Debtor shall be in default under the Plan. The Debtor shall have thirty (30) days to cure any default following receipt of written notice of a default from any party in interest.

11.2   **Remedies Upon Default**. In the event that the Debtor defaults under the terms of the Plan, any party in interest may file a motion to dismiss the case.

Dated: October 13, 2023                Respectfully submitted,

                                   MEP INFRASTRUCTURE
                                   SOLUTIONS, INC.

                                   By:   /s/ Carolina Y. Sales
                                         One of Its Attorneys

15

Paul M. Bauch (ARDC #6196619)
Carolina Y. Sales (ARDC #6287277)
BAUCH & MICHAELS, LLC
53 W. Jackson Boulevard, Suite 1115
Chicago, Illinois 60604
Tel: (312) 588-5000
pbauch@bmlawllc.com
csales@bmlawllc.com