# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re: ) | Chapter 11 |
| ) | Case No. 23-08505 |
| MEP INFRASTRUCTURE ) | Hon. A. Benjamin Goldgar |
| SOLUTIONS, INC. ) | |
| ) | |
| Debtor. ) | |

**OBJECTION TO CONFIRMATION OF DEBTOR'S FIRST AMENDED SUBCHAPTER V PLAN OF REORGANIZATION**

Rocket Capital NY, LLC ("Rocket"), by and through its undersigned counsel, for its Objection to Confirmation of Debtor's First Amended Subchapter V Plan of Reorganization states as follows:

1. Pre-petition the Debtor entered into an Agreement for the Purchase and Sale of Future Receivables ("Agreement") with Rocket under which Rocket purchased $145,000 in Future Receivables, as that term is defined in the Agreement, from the Debtor. A copy of the Agreement is attached.

2. As the transaction between the Debtor and Rocket was a purchase and sale transaction (i.e.- sale of a right to payment), Rocket automatically obtained a security interest in the Future Receivables (i.e.- no specific grant of a security interest was needed) and that security interest was perfected on attachment. *See* UCC §§1-201(37), 9-109(a)(3) and 9-309. Nevertheless, Rocket filed a UCC-1 Financing Statement for the purpose of providing notice of the transaction. Thus, Cap Call has a properly perfected security interest in the Future Receivables it purchased.

3. The Debtor's First Amended Subchapter V Plan of Reorganization treats Rocket's claim as a general unsecured claim, despite the fact that Rocket's claim is actually fully secured.

4.Rocket objects to confirmation of the Plan because it does not provide for payment in full of its secured claim as required by 11 U.S.C. §1129(b)(2)(A)(i)(II).

5.The party challenging a claim under 11 U.S.C. §506(a), which is what it appears the Debtor is attempting to do through the First Amended Subchapter V Plan of Reorganization, has the burden of proof.  *In re Heritage Highgate, Inc.*, 679 F.3d 132, 139–40 (3d Cir. 2012). In the context of 11 U.S.C. §506, the court does not value the property itself, but the creditor's interest in the property.  *In re Saunders*, 112 B.R. 844, 845 (Bankr. W.D. Tex. 1990); *In re Raylin Dev. Co.,* 110 B.R. 259, 261 (Bankr. W.D. Tex. 1989).  A valuation under 11 U.S.C. §506 must be made in light of the use of the property and from the point of view of what the property would be worth in the hands of the creditor. *Matter of Sandy Ridge Dev. Corp.,* 881 F.2d 1346, 1354 (5th Cir. 1989); *In re Spacek*, 112 B.R. 162, 163 (Bankr. W.D. Tex. 1990).

6.Due to the nature of the transaction between the Debtor and Cap Call, value is not determined as of the petition date because Rocket's security interest is not subject to 11 U.S.C. §552 because its security interest in the Future Receivables did not arise via a security agreement.

7.What's more, the Debtor has not even sought to value Rocket's interest in the Future Receivables in this case by filing a motion to value or taking other action.

8.The reality is that as long as the Debtor continues to operate and generate Future Receivables its claim is fully secured and should be treated as such.

**WHEREFORE**, Rocket respectfully requests that this Honorable Court deny confirmation of the  Debtor's First Amended Subchapter V Plan of Reorganization and grant such other and further relief as the Court deems just and proper.

       Respectfully Submitted,

       KAMINSKI LAW, PLLC

       */s/ Shanna M. Kaminski*
       Shanna M. Kaminski
       P.O. Box 247
       Grass Lake, MI 49240
       (248) 462-7111
       skaminski@kaminskilawpllc.com

Dated: November 28, 2023